IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DAVIDTRON LOGAN                                                                                    PLAINTIFF

v.                                                                            Civil Action No.: 3:20cv050-MPM-RP

YALOBUSHA COUNTY, MISSISSIPPI,
SHERIFF W. F. HUMPHREYS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES,
CITY OF WATER VALLEY, MISSISSIPPI,
POLICE CHIEF M. W. KING, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, OFFICER
TOMMY WEST, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, AND DEPUTIES/
OFFICERS AND JAIL EMPLOYEES JOHN
DOES 1-6, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES REPRESENTING
POLICE OFFICIALS AND/OR OTHER
EMPLOYEES, INCLUDING SUPERVISORY
OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN                                                                            DEFENDANTS

**AMENDED COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Davidtron Logan, by counsel, and files this his *Amended Complaint* against Yalobusha County, Mississippi, Sheriff W. F. Humphreys, in his individual and official capacities, City of Water Valley, Mississippi, Police Chief M. W. King, in his individual and official capacities, Officer Tommy West, in his individual and official capacities, and Deputies/Officers and Jail Employees John Does 1-6, in their individual and official capacities representing police officials and/or other employees, including supervisory officials whose identities are currently unknown, to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of the Plaintiff's Fourth (4th), Eighth (8th), and Fourteenth (14th) Amendment rights to be free from excessive force, cruel and unusual punishment, made actionable pursuant to 42 U.S.C. §1983, Monell violations, attorney's fees

pursuant to 42 U.S.C. §1988, and also the common law right to be free from county, city, and state law enforcement evincing reckless disregard for the Plaintiff made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to-wit:

## PARTIES

1. Plaintiff Davidtron Logan is an adult resident citizen of Grenada County, residing at 1063 County Road 94, Water Valley, MS 38965.

2. Defendant Yalobusha County ("Yalobusha Co.") is a governmental entity that may be served with process upon Amy Fernandez McMinn, Chancery Clerk, located at 201 Blackmur Street #1, Water Valley, MS 38965. As part of its function, Yalobusha County operates Yalobusha County Sheriff's Department. In this capacity, its employees who were involved in the incident at issue are "John Does" in the Complaint.

3. Defendant Sheriff W. F. (Lance) Humphreys ("Sheriff Humphreys") is an adult resident citizen of Yalobusha County, employed by Yalobusha County, and he may be served with process at his place of employment Yalobusha County Sheriff's Department, located at 11803 Highway 32, Water Valley, MS 38965.

4. Defendant City of Water Valley ("City") is a governmental entity that may be served with process upon Vivian Snyder, City Clerk, located at 101 Blackmur Drive, Water Valley, MS 38965. As part of its function, City of Water Valley operates the Water Valley Police Department. In this capacity, its employees who were involved in the incident at issue are "John Does" in the Complaint.

5. Defendant Police Chief M. W. King ("Chief King") is an adult resident citizen of Water Valley, MS, employed by the City of Water Valley, and he may be served with process at

his place of employment, Water Valley Police Department, located at 909 N. Main Street, Water Valley, MS 38965.

6. Defendant Officer Tommy West ("Officer West") is an adult resident citizen of Water Valley, MS, employed by the City of Water Valley, and he may be served with process at his place of employment, Water Valley Police Department, located at 909 N. Main Street, Water Valley, MS 38965.

7. Defendant John Does 1-6 ("Does") are adult resident citizens of the State of Mississippi, whose identities and place where they may be served with process are presently unknown.

## JURISDICTION and VENUE

8. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights under the U.S. Constitution particularly 4th, 8th, and 14th Amendments and 42 U.S.C. §1983 and §1988. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

9. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENTS

10. Plaintiff Davidtron Logan approached a checkpoint in Water Valley, MS on July 18, 2019. At this time, Mr. Logan driver's license was suspended; thus, he was asked by officials of Defendants Yalobusha County, and City of Water Valley to pull over to the side of the road and exit the vehicle. Thereafter, "John Does" brutally attacked Mr. Logan, beating him with their flashlights, pushing, choking, punching, and striking him all while Mr. Logan was unarmed and detained in handcuffs. Prior to being handcuffed, Mr. Logan suffered being tased by officers of Defendant City of Water Valley.

11. Mr. Logan was then taken to the Yalobusha County Detention Center. Mr. Logan did not suffer any further attacks once he arrived at the Yalobusha County Detention Center. Eventually, Mr. Logan was transported to the hospital for medical treatment. During the course of this unconstitutional assault, not one single deputy or officer attempted to stop the attack, intercede to prevent further abuse or offered proper medical assistance to Mr. Logan after he was obviously suffering physical illness, injury, and a medical emergency. In fact, he was not taken to see a doctor until after he was severely beaten. This unconscionable conduct violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

**FACTS**

12. The actions involved in this case are the result of the practices, policies and/or customs of Defendants Yalobusha County, and City of Water Valley employees including the Sheriff, Police Chief, other supervisory officials, and/or other employees.

13. This is a claim for Federal law violations, State law negligence, and intentional torts filed by Plaintiff. These violations caused pain and suffering of Davidtron Logan on July 18, 2019.

14. Plaintiff was not made safe by employees of Yalobusha County or City of Water Valley while in contact and/or being detained by said officials. Rather, Defendants Sheriff Humphreys, Chief King, and "John Does" employees breached their duty to monitor, care for, and provide necessary medical attention to Davidtron Logan. By doing so, Defendants were deliberately indifferent to Davidtron Logan's constitutional rights and physical welfare.

15. Specifically, after being detained during the roadblock, on or about July 18, 2019, Mr. Logan was apprehended for his suspended driver's license.

16. Upon exiting his vehicle, Mr. Logan was approached by multiple officers of the Yalobusha County Sheriff's Department and Water Valley Police Department. John Doe defendant officers assumed Mr. Logan would run away so they attacked him and started to brutally beat Plaintiff with their flash lights. Further, Mr. Logan was subjected to being tased by the defendant officers of City of Water Valley before he was placed in handcuffs.

17. The Defendant Officers/Deputies pushed, choked, punched, and struck Plaintiff repeatedly while he was unarmed and in handcuffs. Subsequent to beating Plaintiff, defendants took him to the Yalobusha County Detention Center, where the brutalization finally ceased.

18. Eventually, the officers noticed how severe Plaintiff was beaten and decided to contact an ambulance to transport him to the hospital for medical attention. Once the ambulance arrived, the paramedics cleaned Plaintiff up as much as they possibly could since the taser was still launched in Plaintiff's back, and the officer responsible had yet to appear at the police station.

19. Upon the departure of the paramedics, one of Defendant Yalobusha Co. deputies drove Plaintiff to the Baptist Memorial Hospital in Oxford, MS, where he was dropped off.

Plaintiff was immediately taken to the back for observation due to his obvious physical state.

20. Plaintiff had to be rushed to a hospital in Memphis, TN, where he remained for a while. Plaintiff's eyes were shut because of the three fractures he sustained to his face. Plaintiff was diagnosed with the double vision for the remainder of his life expectancy.

21. Furthermore, Plaintiff was never mirandized during the assault or arrest. There is a strong possibility that Mr. Logan will require plastic surgery to repair the injuries to his face.

22. As a result, under long-standing custom, practice and/or unwritten policy of Yalobusha County, Sheriff Humphreys, City of Water Valley, and Chief King, instead of treating Mr. Logan as someone in need of emergency medical assistance, since Mr. Logan exhibited signs of severe injury, Davidtron Logan was subjected to excessive force, due process violations, and/or cruel and unusual punishment when being detained, arrested, and/or taken into custody.

23. No deputy, officer, employee or other officer of Defendants attempted to stop the beating and handcuffing of Mr. Logan or offer medical assistance immediately following the initial conflict near the checkpoint in Water Valley, MS despite the fact that Mr. Logan was exhibiting signs and symptoms of a severely injury.

24. At all relevant times, the Defendants were working in their official capacities.

25. At all relevant times, Defendants Sheriff Humphreys and Chief King were commanding officers throughout the entire incident and responsible for the actions and/or omissions of the aforementioned "John Does". They were also responsible for insuring that Mr. Logan was kept safe. Defendants failed to keep Davidtron Logan safe from harm caused by the acts of those under their command.

26. The resulting injuries sustained by Plaintiff was caused solely by the Defendants, in violation of Plaintiff's Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Plaintiff contributing thereto. A Notice of Claim was timely filed with all named Defendants.

## FIRST CAUSE OF ACTION
### (Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)

27. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. Defendants "John Does" assaulted Mr. Logan, pushed, choked, punched, and struck him while he was in handcuffs where they beat him while restrained, denied him access to immediate medical attention following these assaults and thereby violated Mr. Logan's due process rights, used excessive physical force, and implemented cruel and unusual punishment. Beating Mr. Logan after he had been restrained in handcuffs, assaulting him while he was defenseless was not justifiable. These acts were unconstitutional in violation of Mr. Logan's 4th, 8th, and 14th Amendment Rights. Mr. Logan's treatment was a violation of his due process rights to be free from cruel and unusual punishment and excessive force.

29. As a result, Mr. Logan suffered serious injuries, pain and suffering, fear of impending death, and loss of enjoyment of life.

## SECOND CAUSE OF ACTION
### (Monell under 42 U.S.C. §1983)

30. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 29, inclusive as if fully set forth herein.

31. At all relevant times, Defendant Yalobusha County and Defendant Sheriff Humphreys, City, and Chief King, maintained a custom, practice and policy of beating and/or using

excessive force against detainees who in the opinion of Defendant Yalobusha Co. and City of Water Valley employees exhibited signs of disrespect, recalcitrance or other types of resistance. Instead of simply punishing this type of behavior with non-physical, non-forceful disciplinary measures, Yalobusha County and City of Water Valley jailers routinely used excessive force, barbaric measures and cruel and unusual punishment against prisoners/detainees similar to Davidtron Logan.

32. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiff Logan herein and allowed for the individually-named Defendants to deprive the Plaintiff of his rights under both Federal and State law. Specifically, Davidtron Logan exhibited signs of an individual suffering from three severe fractures he sustained to his face. The actions of these Defendants exacerbated that condition and deprived Mr. Logan of the medical care he required.

33. As a result of the foregoing, the Plaintiff was needlessly injured and killed.

34. Upon information and belief, the individually-named Yalobusha Co. and City of Water Valley personnel including "John Does 1-6" that beat and delayed giving Plaintiff medical care were improperly trained, supervised and retained in violation of the standards set out by the Monell doctrine. Furthermore, these individually-named Defendants responsible for Mr. Logan's injuries were not trained properly with regard to the three fractures Logan endured and did not treat Mr. Logan as someone suffering from that condition.

35. As a result of the Defendants' deliberate indifference to its training of, supervisory responsibility over and retention of the Defendant jailers, officers, sergeants, deputies, and Detention Center personnel, the Plaintiff was caused to suffer grave injuries that led to his permanent injuries, without fault or contribution by the Plaintiff.

## THIRD CAUSE OF ACTION
### (Negligent Training, Supervision and Retention as to Defendants Yalobusha Co., Sheriff Humphreys, City of Water Valley, and Chief King)

36. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. At all relevant times, Defendants Yalobusha Co., Sheriff Humphreys, City, and Chief King had a duty to screen applicants for hire to its Sheriff's Department, Police Department, and Bureau of Narcotics, retention to its departments or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological racists, biased and/or physiological traits or characteristics unsuitable, unstable, or contradicted for such employment.

38. At all relevant times, it was the duty of Defendants Yalobusha Co., Sheriff Humphreys, City, and Chief King to sufficiently hire, train and retain personnel within its departments and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, employees and/or personnel.

39. Upon information and belief, the "John Does 1-6" that beat and left Mr. Logan without giving him medical care were improperly trained, supervised and retained by Defendants Yalobusha County, Sheriff Humphreys, City, and Chief King. Furthermore, these individually-named Defendants responsible for Mr. Logan's injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

40. As a result of the Defendant's negligence in its training, supervisory and retention of the Defendant deputies, officers, and/or personnel, the Plaintiff was caused to suffer grave injuries that led to his hospitalization, without fault or contribution by the Plaintiff.

**FOURTH CAUSE OF ACTION**
**(Supervisory Liability under 42 U.S.C. §1983)**

41. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. Upon information and belief, among the individually named Defendants were supervisors, liked Defendants Sheriff Humphreys, Chief King, and "John Does 1-6" who were assigned to supervise and control the actions of the unnamed officer/deputies at the scene of the subject incident.

43. These Defendants violated their supervisory duties by failing to ensure that "John Doe" employees under their supervision properly monitored, cared for and protected from harm, those in their custody like the Plaintiff. By participating in and/or ordering the vicious attack on Mr. Logan, and failure to provide medical care thereafter, without justification, these supervisory officials violated §1983's requirements. And once ordered, they failed to limit the attack, thereby making the use of force excessive and the punishment cruel and unusual. These supervisory officials also did not ensure that Mr. Logan receive immediate medical care and caused him to be beaten after he was handcuffed and restrained.

**FIFTH CAUSE OF ACTION**
**(Failure to Intervene under 42 U.S.C. §1983)**

44. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. Each of the individually-named Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the beating after Mr. Logan was handcuffed. Also, they failed to intercede when Mr. Logan was forcibly pushed, choked, punched, tased and exposed to excessive force, and when he was not provided immediate medical care.

46. In particular, once Mr. Logan was handcuffed, no defendant stopped the vicious attack upon Mr. Logan where he was assaulted by multiple officers including "John Does 1-6." Moreover, no defendants interceded when "John Does" seriously injured Mr. Logan by assaulting him. The Defendants failure to stop these attacks and provide medical care violated the individually-named Defendants' duty to intervene and put a stop to the unconstitutional acts taking place.

47. The failure of these Defendants to do so contravened Mr. Logan's constitutional rights and violated 42 U.S.C. §1983. As a result, Mr. Logan suffered serious physical injuries, including loss of enjoyment of life.

### SIXTH CAUSE OF ACTION
**(Negligence of Defendants John Does 1-6)**

48. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 47, inclusive, as if fully set forth herein.

49. Defendants John Does 1-6 negligently failed to provide for the safety, security and protection of the Plaintiff by failing to comply with the County, City and State's own rules of conduct as it related to use of force, detaining/arrest, and getting medical assistance for individuals in need. Defendants Yalobusha Co., and City of Water Valley had implemented a set of guidelines regarding use of force that prohibited the assault and battery of handcuffed, defenseless Mr. Logan. Moreover, the implemented policies prohibit the use of excessive force against handcuffed and restrained individuals. The policies also required

officers/deputies to obtain medical care to those individuals who were in obvious need of such care. The named Defendants' failure to recognize that Mr. Logan was in immediate need of medical care was in violation of these policies and constituted negligence including the negligent infliction of emotional distress that exacerbated his condition.

50. As a result of the foregoing negligent acts, Plaintiff sustained serious physical injuries that resulted in significant injuries.

## SEVENTH CAUSE OF ACTION
### (Intentional Torts under Mississippi State Law – Assault and Battery)

51. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. As a result of the individually-named Defendants' actions, including the beating of the Plaintiff without justification, the Plaintiff was wrongfully assaulted and battered without just or probable cause of provocation. These actions also resulted in the intentional infliction of emotional distress.

53. As a result of the foregoing, the Plaintiff suffered serious physical injuries, pain, and loss of enjoyment of life.

## EIGHTH CAUSE OF ACTION
### (Delay/Denial of Medical Care)

54. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 52, inclusive, as if fully set forth herein.

55. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's medical condition and acting with deliberate indifference to a serious medical need, took actions to deprive him of his 4th, 8th, and 14th Amendment rights to medical care.

56. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and hereinafter.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for the judgment against all Defendants, including compensatory damages, punitive damages against the individually named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1983, pre-judgment interest, post-judgment interest, attorney's fees, and all costs of this proceeding with such final amount being at least $5,000,000.00 or an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

Respectfully submitted, this the 18th day of February, 2020.

                                                **DAVIDTRON LOGAN, Plaintiff**

                           **By:**     _/s/ Carlos E. Moore_____
                                           **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com